```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

JEROME A. ALSTON, 04-B-2477

        Petitioner,

        -v-                                06-CV-6339(MAT)
                                                   **ORDER**

MICHAEL GIAMBRUNO,

        Respondent.

## I.  Introduction

Petitioner Jerome Alston ("petitioner") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction upon a guilty plea in Steuben County Court before Judge Joseph Latham on one count of Burglary in the Second Degree (N.Y. Penal Law ("P.L.") § 140.25). Under the terms of his plea agreement, petitioner was sentenced to a determinate term of imprisonment of four years, followed by five years of post-release supervision. For the reasons that follow, the petition for writ of habeas corpus is denied and the action is dismissed.

## II. Factual Background and Procedural History

On March 31, 2004, petitioner was charged with violating an order of protection and attacking his ex-girlfriend in her home. In a six-count indictment, petitioner was charged with Burglary in the First Degree (P.L. § 140.30(2)), Rape in the First Degree (P.L. § 130.35(1), Aggravated Criminal Contempt (P.L. § 215.52), Assault in the Third Degree (P.L § 120.00(1), Unlawful Imprisonment in the

Second Degree (P.L. § 135.05), and Endangering the Welfare of a Child (P.L. § 260.10(1)). After a conference in chambers, the prosecutor stated on the record in open court that petitioner could plead guilty to one count of Burglary in the Second Degree in full satisfaction of the indictment. The prosecutor noted that petitioner could enter a plea pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970)[1], on the condition that the court sentence petitioner to four years in prison with five years of post-release supervision and issue an order of protection prohibiting any contact between petitioner and the complaining witness. Plea Minutes at 2.

Defense counsel stated that petitioner would accept that offer, and she withdrew petitioner's previously entered plea of not guilty, as well as the motions that were to be considered that day. Petitioner stated on the record that he was thirty-six years old and a high school graduate, was able to read and write, was not under the influence of alcohol and drugs, and wished to plead guilty. Plea Mins. 2-5. The court inquired as to whether petitioner was pleading guilty voluntarily, if he had sufficient time to discuss the plea with his attorney and family members, and if he had read the written plea agreement and understood it. Petitioner

---

[1] Express admission of guilt is not constitutional requisite to imposition of criminal penalty, and an individual accused of crime may voluntarily, knowingly and understandingly consent to imposition of prison sentence even if he is unwilling or unable to admit his participation in acts constituting crime. 400 U.S. at 37.

answered affirmatively to all of the court's questions. He also stated that he understood that he was relinquishing certain constitutional rights by pleading guilty, including the right to a trial by jury. Plea Mins. 6-7.

The prosecutor stated that if the case went to trial, the prosecution would offer evidence relating to the first count of the indictment, Burglary in the First Degree, that petitioner unlawfully entered the home of his ex-girlfriend with the intent to commit a crime, and caused physical injury.[2] The court then accepted petitioner's guilty plea. Plea Mins. 7-8, 11.

Prior to sentencing, petitioner moved to withdraw his guilty plea on the ground that he did not understand the implication of his plea. The court denied that motion and sentenced petitioner to the promised sentence of four years incarceration and five years of post-release supervision. Sentencing Mins. 2-6.

Petitioner, through counsel, raised two claims on direct appeal: (1) the court erred in summarily denying petitioner's motion to withdraw his guilty plea without inquiring into the reasons why the plea should be vacated; and (2) that petitioner's plea was not knowing, intelligent, and voluntary. See Respondent's ("Resp't") Ex. A. The Appellate Division, Fourth Department,

---

[2] The prosecutor explained that if the matter went to trial, the prosecution would offer the testimony by the victim, as well as medical evidence by her treatment providers, and testimony by a Steuben County Sheriff's Deputy as to his description of the victim's injuries. Plea Mins. 7-8.

unanimously affirmed the judgement of conviction. People v. Alston, 23 A.D.3d 1041 (4th Dept. 2005); lv. denied 6 N.Y.3d 752 (2005).

Petitioner then moved pursuant to N.Y. Crim. Proc. Law ("C.P.L.") § 440.10 to vacate his conviction on the grounds that: (1) he was denied the right to be released pursuant to C.P.L. § 180.80[3]; (2) he was denied the right to a preliminary hearing; and (3) petitioner's first public defender, James Miller, Esq. ("Miller"), had provided ineffective assistance of counsel.[4] See

---

[3] "Upon application of a defendant against whom a felony complaint has been filed with a local criminal court, and who, since the time of his arrest or subsequent thereto, has been held in custody pending disposition of such felony complaint, and who has been confined in such custody for a period of more than one hundred twenty hours or, in the event that a Saturday, Sunday or legal holiday occurs during such custody, one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon, the local criminal court must release him on his own recognizance unless:

    1. The failure to dispose of the felony complaint or to commence a hearing thereon during such period of confinement was due to the defendant's request, action or condition, or occurred with his consent; or

    2. Prior to the application:

    (a) The district attorney files with the court a written certification that an indictment has been voted; or

    (b) An indictment or a direction to file a prosecutor's information charging an offense based upon conduct alleged in the felony complaint was filed by a grand jury; or

    3. The court is satisfied that the people have shown good cause why such order of release should not be issued. Such good cause must consist of some compelling fact or circumstance which precluded disposition of the felony complaint within the prescribed period or rendered such action against the interest of justice."

C.P.L. § 180.80.

[4] In support of his claim of ineffective assistance of trial counsel, petitioner submitted a letter to the court detailing his complaints about Miller, as well as a letter to the Attorney Grievance Committee regarding his second attorney, Ms. Karen Masden, Esq. He also attached a letter to the New York State Attorney General, asking then Attorney General Eliot Spitzer to

Resp't Ex. F. The Steuben County Court orally denied the motion with petitioner present. See Mins. of January 23, 2006 at 2-3; Ex. H. A written order was issued on January 27, 2006, denying petitioner's motion. See Ex. L. Petitioner sought leave to appeal to the Appellate Division from the denial of his § 440 motion. Leave was denied on May 3, 2006. See Ex. J.

Petitioner then brought a timely petition for habeas corpus pursuant to 28 U.S.C. § 2254 before this Court. Here, petitioner argues that Miller rendered ineffective assistance by failing to seek petitioner's release pursuant to C.P.L. § 180.80 and a preliminary hearing, and because Miller allegedly abridged petitioner's right to testify before the Grand Jury. Petition ("Pet.") ¶ 22(A)-(D), ¶ 23(A)-(F). (Dkt. #1). Respondent has submitted an answer and memorandum of law in opposition of the petition. (Dkt. ##7,8).

**III. Discussion**

    **A.   General Principles Applicable to Federal Habeas Review**

        **1.   Standard of Review**

The instant petition is governed by 28 U.S.C. § 2254, as amended by the Anti-terrorism and Effective Death Penalty Act ("AEDPA") in 1996. To obtain habeas relief under AEDPA, where the state court has adjudicated a petitioner's federal constitutional claim on the merits, a petitioner must demonstrate that the

---

investigate petitioner's claims about Miller. See Ex. F.

adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001) (quotation omitted). Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. at 412-13 (O'Connor, J., concurring and writing for the majority).

The "unreasonable application" clause is applicable when "the state court identifies the correct governing legal principle from this Court" decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Under AEDPA, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. In order to grant the writ there must be

"some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Matter of Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

### 2. Exhaustion Requirement

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995)."The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984). Respondent acknowledges that the petitioner has properly exhausted his claim of ineffective assistance of trial counsel. Resp't Mem. at 8.

### B. Merits of the Petition

Petitioner's sole claim in the instant petition is that his first attorney, James Miller, was ineffective for not seeking petitioner's release pursuant to C.P.L. § 180.80, not asking for a

"some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Matter of Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

### 2. Exhaustion Requirement

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995)."The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984). Respondent acknowledges that the petitioner has properly exhausted his claim of ineffective assistance of trial counsel. Resp't Mem. at 8.

### B. Merits of the Petition

Petitioner's sole claim in the instant petition is that his first attorney, James Miller, was ineffective for not seeking petitioner's release pursuant to C.P.L. § 180.80, not asking for a

preliminary hearing, and not ensuring that petitioner's right to testify in the Grand Jury was protected. Pet. ¶ 22(A)-(D).

Generally, a petitioner who has pleaded guilty cannot raise claims regarding constitutional violations that allegedly occurred prior to the entry of the guilty plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). The Tollett Court reasoned that, "[t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." 411 U.S. at 266. To raise a claim of ineffective assistance of counsel despite a guilty plea, the petitioner must show that the plea agreement was not knowing and voluntary because the advice he received from counsel was not within acceptable standards. Parisi v. U.S., 529 F.3d 134, 138-39 (2d Cir. 2008) ("[A]lthough challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's advice about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does."). A guilty plea thus waives all such claims "relating to the events prior to the guilty plea that did not affect the voluntariness of [petitioner's] plea." Vasquez v. Parrott, 397 F.Supp.2d 452, 463 (S.D.N.Y. 2005).

Here, petitioner challenges the constitutionality of his representation by his first attorney, James Miller, and not the

attorney that negotiated his guilty plea, Karen Masden. These claims are thus foreclosed by petitioner's subsequent guilty plea. In any event, the Court finds that petitioner's claim of ineffective assistance of trial counsel lacks merit.

### 1. The State Court Decision

In rejecting petitioner's § 440.10 petition, the state court held that the ineffective assistance of counsel claim was "not properly before [the court] at this time. The issues have been for the most part subject to earlier applications made[5], whether on appeal or their resolve is mooted out by virtue of the plea[6] and the indictment itself." Mins. of January 23, 2006. The language of the state court's decision does suggest reliance upon procedural grounds rather than a determination on the merits. See Sellan v. Kuhlman, 261 F.3d 303, 314 (2d Cir. 2001). Further, I do not find that the state court used even "general language referable to the merits." Norde v. Keane, 294 F.3d 401, 410 (2d Cir. 2002). Although the Second Circuit has "given a broad reading to state court

---

[5] The district attorney argued that petitioner's claim had been brought before and rejected by three courts, stating that petitioner had raised the claim of counsel's ineffectiveness in support of his motion to withdraw his guilty plea. However, petitioner informed the court that he had only challenged Masden's effectiveness as a ground for his plea withdrawal, not Miller's. In denying the motion to withdraw his plea, the state court did not make a finding that counsel provided effective assistance, it simply denied the motion to withdraw the plea. Additionally, the Appellate Division did not consider the ineffectiveness claim on direct appeal because it was not raised. See Ex. A. Similarly, the Court of Appeals did not address any of the issues raised, because it denied petitioner's application for leave to appeal. Ex. E. The Steuben County Court thus erred in agreeing that petitioner's ineffective assistance of counsel claim had been rejected by three courts.

[6] It is unclear from the Plea Minutes whether petitioner specifically waived his rights to collateral review.

dispositions," id. at 410, the Court does not find that the state court's § 440 decision constitutes an adjudication on the merits so as to trigger deferential review under AEDPA. If a state court has not adjudicated the claim "on the merits," pre-AEDPA standards apply, and the court shall review *de novo* the state court disposition of the petitioner's federal constitutional claims. Washington v. Schriver, 255 F.3d 45, 55 (2d Cir. 2001); see also Boyette v. Lefevre, 246 F.3d 75, 91 (2d Cir. 2001) (no AEDPA deference where it was "impossible" to discern the state court's determination of the issue). In any event, it is not essential to determine whether AEDPA applies here, as petitioner's claim fails under either standard of review. See Noble v. Kelly, 246 F.3d 93, 98 (2d Cir. 2001).

### 2. Federal Standard Applicable to Claims of Ineffective Assistance of Counsel

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of

the proceeding." Id. To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." Id. at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Id., and may not second-guess defense counsel's strategy. Id. at 690. Although Strickland sets forth two prongs, a reviewing court need not address both. Instead, where the court can "dispose of an ineffective claim on the ground of lack of sufficient prejudice," the court should do so. Id. at 697.

### 3. Petitioner's Claims

Petitioner claims that his first attorney, James Miller, who was apparently assigned at arraignment and represented petitioner until he was indicted, was ineffective because he did not seek petitioner's release pursuant to C.P.L. § 180.80 or seek a preliminary hearing, and also because he did not secure petitioner's right to testify in the Grand Jury.

First, Miller's alleged failure to seek petitioner's release pursuant to § 180.80 was not prejudicial under Strickland. The only remedy a criminal defendant is entitled to under § 180.80 is immediate release, not dismissal of charges. Accordingly, any failure to seek relief under this section would not have affected the outcome of the proceedings. Moreover, the record provides no

indication that the prosecution violated petitioner's rights pursuant to § 180.80, nor is it clear whether petitioner's counsel did or did not seek petitioner's release on that ground. Assuming, *arguendo*, counsel's performance was deficient, it still does not entitle petitioner to habeas relief because the failure to seek release under § 180.80 does not present a federal constitutional question.

Second, counsel's failure to seek a preliminary hearing does not constitute ineffective assistance and did not affect the outcome of the proceedings. District courts in this Circuit have held that the failure to procure a preliminary hearing does not constitute ineffective assistance of counsel. See Pettiford v. Graham, No. 07 Civ. 11232(DLC), 2009 WL 920342 (S.D.N.Y. 2009); Fox v. Poole, No. 06-CV-856(CBA) (E.D.N.Y. 2008); see also Smith v. Walsh, No. 00-CV-5672 (JG), 2003 WL 22670885 at *8 (E.D.N.Y. 2003); (waiving a preliminary hearing was a strategic decision, "not susceptible to hindsight-aided review in a habeas petition"). The record here is insufficient to determine whether counsel waived a preliminary hearing at arraignment. See C.P.L. § 180.30. In any event, petitioner fails to allege how his failure to appear at a preliminary hearing prejudiced his defense; instead, he states only that "the results of this case would have been different." Pet. ¶ 23(C). Petitioner has not set forth neither a legal nor factual basis to find that he suffered prejudice as a result of his

attorney's pre-trial conduct with respect to his failure to request a preliminary hearing.

Finally, petitioner claims that counsel was ineffective for failing to secure his right to testify before the grand jury. Again, the record is void of any basis that supports petitioner's claim. The record is unclear whether petitioner informed defense counsel that he wished to testify before the grand jury, whether counsel served written notice of petitioner's intent to testify, see C.P.L. § 190.50, and the reasons why petitioner ultimately did not testify. Petitioner merely makes the vague assertion that the day he was to appear before the grand jury, Miller "stood by and did nothing at all to secure petitioner's rights to testify in his own behalf." Pet. § 22(A).

Moreover, a defendant's right to testify before the grand jury is not a federal constitutional right; rather, it is statutorily-created. See C.P.L. § 190.50(5). Thus, it is not a cognizable habeas claim where counsel fails to ensure that the defendant testifies before the grand jury. Davis v. Mantello, 42 Fed. Appx. 488, 491 n.1 (2d Cir. 2002). Federal habeas courts have repeatedly declined to find that such claims warrant habeas relief. See, e.g. May v. Donelli, 615 F.Supp.2d 88 (W.D.N.Y. 2009); Hutchings v. Herbert, 260 F.Supp.2d 571, 578 & n.2 (W.D.N.Y. 2003) (Petitioner's guilty plea "cured any defect in the grand jury proceeding caused by the State's alleged failure to give [petitioner] an opportunity

to appear before that body. It necessarily follows as a matter of law that [petitioner] cannot establish that any errors made by his trial attorney with respect to the grand jury proceeding prejudiced him, thereby foreclosing the possibility of a Sixth Amendment violation"); Affser v. Murray, No. 04 CV 2715, 2008 WL 2909367, at *7 (E.D.N.Y. July 28, 2008) ("[C]ounsel's alleged failure to secure petitioner's presence before the grand jury does not constitute ineffective assistance") (collecting cases).

The record does not substantiate petitioner's claim that Miller failed to advise him of his right to testify before the grand jury. Even if petitioner was not advised of his right to testify before the grand jury, or that counsel's actions prevented him from doing so, he has offered no evidence to demonstrate that his failure to testify prejudiced his defense. See Brown v. Artuz, 124 F.3d 73, 79-81 (2d Cir. 1997) (defendant claiming ineffective assistance due to counsel's failure to advise about personal right to testify must still establish prejudice under second prong of Strickland ). Furthermore, he does not indicate what testimony he would have offered had he appeared before the grand jury or how such testimony would have assisted his case. He thus cannot establish that the outcome of his case would have been different, in satisfaction of the "prejudice" prong of Strickland.

Petitioner's claims of ineffective assistance of his pre-trial attorney, James Miller, are without merit.

**IV. Conclusion**

For the reasons stated above, Jerome Alston's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: December 21, 2009
Rochester, New York